230 P.2d 701

**WM. WALKER CO. et al. v. POCATELLO MONUMENT CO.**

No. 7679.

Supreme Court of Idaho.

April 25, 1951.

F. M. Bistline, Pocatello, for respondent.

Walter H. Anderson, Pocatello, for appellant.

GIVENS, Chief Justice.

In 1912 William Walker, one of appellants, started a monument business at 135 South 5th Avenue, Pocatello, and in 1926 he incorporated under the name of The Wm. Walker Company. About that time or shortly thereafter, apparently at the suggestion or instigation of the radio station over which appellant was advertising, appellant up until the present time, intermittently and interchangeably, has used in connection with or separately from, the name of Wm. Walker and Wm. Walker Company, the appellation "Pocatello's Expert Monument Builders" and April 2, 1938, filed with the County Recorder of Bannock County, this certificate of an as-

sumed or fictitious trade name: "Wm. Walker Co. a corporation and William Walker, do, each for himself and itself and not one for the other, hereby certify that we are the identical persons who are carrying on, conducting, transacting, or have an interest in, or expect to carry on, conduct, transact or have an interest in the business conducted at 135 S. 5th Ave. in Pocatello City, Bannock County, State of Idaho, under the name and style of Pocatello's Expert Monument Builders, which name or designation is assumed or fictitious and is not the true and real full name or names of all parties or persons having an interest therein, and in compliance with the provisions of Chapter 212, 1921 Session Laws we do hereby certi*fied* to the following facts: * * *."

Appellants advertised under the three designations, sometimes separately and in various combinations and together, variously designating the business thus:

"Plaintiff's Ex. A — Card—Wm. Walker Co.
Pocatello's Expert Monument Builders"

" " B — Order Blank, 1948—Wm. Walker Co.,
William Walker Company

" " C — City Directory, Pocatello, 1938–39
"Pocatello's Expert Monument Builders
Wm. Walker Co. 135 S. 5th Avenue"
29 times along side of pages.
"Walker Wm. Co., Wm Walker Mgr, Everlasting Guaranteed Memorials, Mausoleums, Vaults, Etc, 135 S 5th av, Tel 1676
(For further information see right side lines and page B)
On page B—Wm. Walker Co."

" " D — City Directory, Pocatello, 1942
Same ad on page B and along edge of pages; also "Pocatello Monument Works (Wm. Walker Co), 135 S 5th av, Tel 1676
Walker Wm, Mgr Wm Walker Co, h135 S 5th Av, Tel 1676
Walker Wm Co, Wm Walker Mgr, Everlasting guaranteed Memorials, Mausoleums, Vaults, Etc, 135 S 5th av, Tel 1676"

" " E — City Directory, Pocatello, 1946
Same ads as in 1942

" " F — City Directory, Pocatello, 1949
Different ad on page B, but name is same—
Wm. Walker Co.

"Plaintiff's Exhibit F  Other ads same and under "W" is the following:

     "Walker William, Mgr. William Walker Co, h135 S 5th av, Tel 1676

     "Walker William Co, William Walker Genl Mgr, Lawrence E. Walker Supt, George S Walker Mgr Tile Dept, Tile Contractors, Tile, Ceramic and Marble, Tile Setters, Bath Rooms, Fire Places, Store Fronts and Drain Boards, 135 S 5th av, Tel 1676"

"  " H — 1949 Calendar—Wm. Walker Company

        Pocatello's Expert Monument Builders

"  " I — Telephone Directory, Pocatello, 1949

     "Walker Wm Co monuments 135 S 5 av"

and Respondent, thus:

"Plaintiff's Ex. G — 1949 Photograph showing building with this name:

     "Pocatello Monument Co."

"  " I — Telephone Directory, Pocatello, 1949

     "Pocatello Monument Co (See Idaho New Memorial Art) Idaho New Memorial Art 1729 S 5 av"

In 1947 respondent and cross-appellant, "Pocatello Monument Company," was incorporated and commenced business at 1729 So. 5th Avenue in Pocatello, across from the City cemetery and about sixteen blocks south of appellants' place of business.

September 1, 1948, this suit was instituted by appellants to restrain and enjoin respondent from using the name "Pocatello" in connection with its business, and for damages. Trial was to the Court without jury, which enjoined respondent from using the name "Pocatello Monument Company," denied any damages to appellants and awarded costs to appellants. Appellants have appealed from that portion of the decree denying damages and respondent has appealed from that portion of the decree granting an injunction, and costs.

The material findings as to the injunction were:

"2. That prior to the year 1938 plaintiff was engaged continuously in the business of making and selling monuments in Southeastern Idaho; that on the 4th day of April, 1938, plaintiff filed for record in the office of the County Recorder for Bannock

County, Idaho, a certificate of assumed business name, and thereby assumed the fictitious name of "Pocatello's Expert Monument Builders": that from said time until the date of trial, plaintiff used said fictitious name extensively in Pocatello and surrounding territory and in Southeastern Idaho in their advertising media, to-wit: radio, blotters, calendars, labor magazines, city directories, and so forth; that the name "Pocatello" thereby became associated with the business of the plaintiff when coupled with the word "Monument."

"3. That in the year 1947 the defendant entered into the business of making and selling monuments in the same general business area as that which the plaintiff was operating in; that defendant, knowing of the name and nature of plaintiff's business, adopted the name "Pocatello Monument Company;" that the name "Pocatello Monument Company" is deceptively similar to the fictitious and assumed business name of "Pocatello's Expert Monument Builders," and that by reason of the similarity of names, the defendant has infringed upon the good will and advertising of the plaintiff that plaintiff has built up in Southeastern Idaho for many years prior to the time defendant started in business."

■ The essential transgressions, which make the challenged nominator an interloper who may be enjoined from continued use of subsequent names, are thus clearly and tersely reiterated in Cazier v. Economy Cash Stores, Idaho, 228 P.2d 436 at page 442: " 'The controlling principle in cases wherein it is charged that a name used by one party is in conflict with a name used by another is that, in order to justify relief such as sought in the instant case, the circumstances must be such that it appears that the business of complainant will suffer from a deceptive·use of its name, or that, by reason of such deceptive use of complainant's name, the public will be imposed upon.' "

The first finding was thus to the effect that the word "Pocatello" in appellants' name had come to have a sufficiently secondary meaning to entitle it to an injunction. Cazier v. Economy Cash Store, supra.

■ Herein, appellants had used the phrase "Pocatello's Expert Monument Builders" both as part of their name and perhaps as a slogan, but in both instances designating their particular denominated business and as appellants aver, the evidence disclosed confusion in orders, in execution and fulfillment thereof, and in the minds of customers of both appellants and respondent and the similarity of names in the use of the word "Pocatello" impresses an impartial mind there could not help but be confusion and interference to an extent that appellants were clearly entitled to an injunction, regardless of whether actual damages were shown. Cazier v. Economy Cash Store, supra, 228 P.2d at page 441(11).

300

■ Conceding that the evidence showed appellants' business fell off or that the previous rate of increase in volume did not proportionately continue, and that respondent's business was steadily increasing; nevertheless, it was for the trial court to determine the cause of such trends; whether the decrease in appellants' business, or failure to increase, and the increase of respondent's business were customer defections from appellants to respondent; whether the variables were due to mere competition because of the entrance of a new rival in the monument business, or, and to what extent, such situations were occasioned in whole or in part, or to a negligible extent, by the use of the now interdicted name. Shaw v. Pilling, 175 Pa. 78, 34 A. 446. Does not a pronouncement of law so divided as to approach indecisiveness, Mishawaka R. & W. Mfg. Co. v. S. S. Kresge Co., 316 U.S. 203, 62 S.Ct. 1022, 86 L.Ed. 1381, but accentuate that the discernment of the trier of facts (court or jury) be accorded due consideration? In the first instance, the trier of facts must determine whether there are sufficient substantial facts to support the essential, ultimate conclusion of fact, and in so doing may determine that there are gaps or deficiencies. Even though others might conclude there were no deficiencies, unless the conclusion of the trier is unreasonable and the evidence as a whole presents such a perfect pattern and is so overwhelming that no reasonable contrary conclusion could be drawn, the findings as made by the trier of facts must be sustained. See First Nat. Bank v. Peterson, 47 Idaho 794 (9), 279 P. 302, and 63 C.J. 580, § 282.

The following statement is potently pertinent and controlling as to the finding of the court herein, both granting the injunction and denying damages: " * * * This Court, upon review, will not retry issues of fact or substitute its judgment with respect to such issues for that of the trial court. (Cases) The power of a trial court to decide doubtful issues of fact is not limited to deciding them correctly. (Cases) In a nonjury case, this Court may not set aside a finding of fact of a trial court unless there is no substantial evidence to sustain it, unless it is against the clear weight of the evidence, or unless it was induced by an erroneous view of the law. (Cases) The District Court, in making its findings, was under no misapprehension as to the applicable law. (Cases)" Cleo Syrup Corp. v. Coca-Cola Co., 8 Cir, 139 F.2d 416, 417, 150 A.L.R. 1056.

■ Though no damages were allowed, the suit was likewise in equity and the granting of the injunction, therefore, justified the trial court in awarding costs to appellants. Section 12–105 I.C., 63 C.J. 580, #283.

The decree, therefore, is affirmed. No costs allowed herein.

PORTER, TAYLOR, THOMAS, and KEETON, JJ., concur.