Charles H. ROGERS, Appellant,

v.

FAMOUS BRANDS OF TEXAS, INC. et al., Appellees.

No. 16267.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 8, 1961.

Rehearing Denied Jan. 5, 1962.

Johnson & Browning and Kenneth Johnson, Wichita Falls, for appellant.

Irvin J. Vogel, Wichita Falls, for appellees.

MASSEY, Chief Justice.

Famous Brands of Texas, Inc., Isadore Zoblotsky, and Harry Zoblotsky began doing business in downtown Wichita Falls in mid-year 1957 under the assumed name of Famous Brands Factory Outlet Shoes, dealing in women's shoes advertised to be famous brands of shoes which could be bought from their store at savings of 30% to 60%. Extensive and expensive advertising accompanied their promotion of their shoe store, concentrated upon the advertising of their store as a "factory outlet". A large illuminated sign was hung over the sidewalk from the front of the premises bearing in large letters the term "Factory Outlet", under which in smaller letters the phrases "save 30 to 60%" and "Wear the finest, Save the most", appeared along with an illuminated woman's high-heeled slipper.

Two doorways down, approximately 25 feet from the above store, there was a competing shoe store known as Henri's Famous Brand Shoes, a women's shoe store. Charles H. Rogers bought this store in 1959. He decided to change the name thereof to Rogers Factory Outlet. He so advertised the store and exhibited the name on sign or signs on the front thereof along with featured advertising which stated "Famous Brand Shoes at 30% to 60% Savings."

In September, 1960, Famous Brands of Texas and the two Zoblotskys brought suit for injunction to restrain Rogers from using the words "factory outlet" in naming his store or in advertising the same, and further from using said words in connection with any shoe store within a 100 mile radius of petitioners' premises in Wichita Falls.

The permanent injunction prayed for was granted upon a trial on the merits before the court without a jury. Rogers perfected an appeal.

We have concluded that the correct disposition of the case requires that we reverse and remand the same to the trial court for the entry of a judgment continuing in effect an injunction, although one materially modified. This has been done before by appellate courts. 4 Tex.Jur.2nd, p. 540, "Appeal and Error—Civil", sec. 926, "(Remand) To trial court to enter judgment" (3–B Tex. Jur., p. 637, sec. 1031). In so ordering we

are not unmindful that the case is one in equity and could in the future perhaps necessitate enforcement better attended by the trial court than through action of an appellate court.

■ There is a contention made by appellees, Famous Brands et al., that since the appellant did not make any exception to the Fndings of Fact filed by the trial court he is bound thereby and cannot attack the findings in this court. This is not the law when a statement of facts is made part of the record. Swanson v. Swanson, 1950, 148 Tex. 600, 228 S.W.2d 156. See other cases cited in Ferrier v. Caprock Machinery Company, 1961 (Tex.Civ.App., Amarillo), 350 S.W.2d 224.

■ One fact finding made by the trial court is to the effect that the words "factory outlet", as used by the appellees in their business, do not indicate or designate a method of purchase and sale, and do not designate a class or type of business as pleaded by the appellant as a defense to appellees' action. Appellant's contention was that the term in question meant substantially that it was an economical method of acquiring merchandise offered for sale (by skipping the middleman) whereby savings could be passed on to the consumer, and constituted a descriptive word such as connated by the term "self-service" as part of a name such as for example: a self-service shoe store. We agree that the term "factory outlet" in the name of appellees' store is merely descriptive of business carried on and that it cannot be exclusively appropriated as against others who can and do use the same with equal truth even if the words have acquired a secondary meaning. The finding, therefore, cannot be allowed to stand.

However, we also find a conclusion of fact in the Findings of Fact filed by the trial court as follows: "The use of the words 'Factory Outlet' by the Defendant Charles H. Rogers, in the name of his store and in advertising said store constitute unfair competition and are calculated to unlawfully and fraudulently divert business from Plaintiffs' store to his store."

The issue of appellant's fraud in the use of the term "factory outlet" in the name of his business establishment was not raised by the pleadings in the case, but the issue was raised by the evidence, and therefore, in this non-jury case, is to be treated as if it were raised by pleadings. Tex.Rules Civ.Proc. Rule 47. We believe that a fair construction of the above quoted finding of fact would be that the appellant's use of the term "factory outlet" was fraudulent, i. e., that it was intended thereby that the business of the appellees would be caused to suffer to the profit of the appellant or that an imposition upon the public would follow. It is encompassed by the conclusion, proper to be arrived at from adequate evidence in the statement of facts, that the appellant desired and by his actions accomplished the purpose of causing patrons intending to trade with appellees to enter his store and buy from him rather than from appellees.

In the recent case of Pipe Linings, Inc. v. Inplace Linings, Inc., 1961 (Tex.Civ. App., Fort Worth), 349 S.W.2d 279 (petition for writ of error pending), we held that where there is an absence of fraud a name merely descriptive of business carried on cannot be exclusively appropriated as against others who can and do use the name with equal truth, even if the words have acquired a secondary meaning. We also held in such case that where no exclusive rights to use the word or term exists, charge of fraud in use of it by another may be sustained only by actual proof.

In the instant case we are of the opinion that appellees' use of the term "factory outlet" in the name of its store, constituting a name merely descriptive of the business carried on by it, has been such as to give a secondary meaning thereto, *and* that appellant's attempted use thereof was fraudulent. In view thereof, we are of the opinion that the appellant's incorporation of the term into his store-name, "Rogers' Factory

Outlet", was properly enjoined even though the term "factory outlet" is likewise descriptive of his business.

The injunctive relief granted not only ordered that the appellant cease and desist from use of the words in question in the name of his store, but furthermore enjoined the use of the words in the advertising of his store or in signs at or about the premises. The injunction also was prescribed to have force and effect within a radius of one hundred miles of the City of Wichita Falls. Under our theory of the case we believe that the decree of injunction was too broad and extensive and that the exigencies of the case require no territorial provision in the judgment. 24A Tex.Jur., p. 307, "Injunctions", Sec. 199, "—Terms and Scope of Injunction"; 43 C.J.S. "Injunctions" § 211, "Final Judgment or Decree", Sub. b, "Form and Contents", p. 941.

We do not believe that the appellant can lawfully be enjoined from using the descriptive term "factory outlet" as applied to the shoes he is marketing so long as he uses the words or term in their primary meanings in a manner which causes no confusion. Examples of manner in which such usage would be fair and non-confusing are to be found in the case of Bernstein v. Friedman, 1945, 62 Wyo. 16, 160 P.2d 227, 233.

As stated in the case of Bernstein v. Friedman, supra, the law applicable to cases such as this appears to be well settled, the difficulties attending the determination of individual cases arising from the facts of each. The general law is to be found in many authorities, examples of which would be 41A Tex.Jur., p. 434, "Trademarks, Trade Names, Etc.", sec. 19, "Unfair Competition", and other sections under the article; 87 C.J.S. "Trade-Marks, Trade-Names, and Unfair Competition" § 109, "Name in Which Business Conducted", p. 372 et seq.; 52 Am.Jur., p. 545, "Trademarks, Tradenames, Etc.", sec. 59, "(Particular Subjects of Description) Use or Purpose", and sec. 60, "—Trade or Busi-

ness", and other sections under the article, including the citations to A.L.R. See also Wm. Walker Co. v. Pocatello Monument Co., 1951, 71 Idaho 294, 230 P.2d 701.

The cause is remanded to the trial court for entry of a judgment which enjoins any use by appellant Rogers of the words "factory outlet" in the name of his store, and further enjoining him in connection with advertising from using said words other than in their primary meanings, i. e., that savings effected through his purchase of merchandise direct from the factory for sale to the public are passed on to the customers of his store.