**Earl REGION et al., Appellants,**

v.

**DOWNTOWNER OF FORT WORTH, INC.,
et al., Appellees.**

No. 16851.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 13, 1967.

Rehearing Denied Nov. 17, 1967.

Christopher & Bailey, and M. Ward Bailey, Fort Worth, for appellants.

Cantey, Hanger, Gooch, Cravens & Scarborough and J. A. Gooch and Richard L. Griffith, Fort Worth, for appellees.

## OPINION

MASSEY, Chief Justice.

Plaintiffs Earl Region et al., using the trade-name of "Downtown Motel," brought suit for damages and injunctive relief because of the defendants' use of the name "Downtowner Motor Inn."

Defendants were the Downtowner of Fort Worth, Inc., et al.

Upon a jury verdict by which negative answers to certain special issues of plaintiffs were returned (i. e. the plaintiffs failed to obtain desired answers to issues the burden upon which were cast upon them) a "take nothing" judgment was entered.

Judgment affirmed.

As applied to the jury's findings of "no damage" or "no lost profits" in this type of case we are convinced that the proper rule of law is stated in the case of Wm. Walker Co. v. Pocatello Monument Co., 1951, 71 Idaho 294, 230 P.2d 701, 704, as follows:

■ "Conceding that the evidence showed appellants' business fell off or that the previous rate of increase in volume did not proportionately continue, and that respondent's business was steadily increasing; nevertheless, it was for the trial court to determine the cause of such trends; whether the decrease in appellants' business, or failure to increase, and the increase of respondent's business were customer defections from appellants to respondent; whether the variables were due to mere competition because of the entrance of a new rival in the monument business, or, and to what extent, such situations were occasioned in whole or in part, or to a negligible extent, by the use of the now interdicted name. Shaw v. Pilling, 175 Pa. 78, 34 A. 446. Does not a pronouncement of law so divided as to approach indecisiveness, Mishawaka R. & W. Mfg. Co. v. S. S. Kresge Co., 316 U. S. 203, 62 S.Ct. 1022, 86 L.Ed. 1381, but accentuate that the discernment of the trier of facts (court or jury) be accorded due consideration? In the first instance, the trier of facts must determine whether there are sufficient substantial facts to support the essential, ultimate conclusion of fact, and in so doing may determine that there are gaps or deficiencies. Even though others might conclude there were no deficiencies, unless the conclusion of the trier is unreasonable and the evidence as a whole presents such a perfect pattern and is so overwhelming that no reasonable contrary conclusion could be drawn, the findings as made by the trier of facts must be sustained. See First Nat. Bank [of Hagerman] v. Peterson, 47 Idaho 794(9), 279 P. 302, and 63 C.J. 580, § 282."

■ From our examination of the record made in the case we cannot say that there exists any reason justifying a holding of error as the result of the aforementioned jury findings.

■ We are of like opinion as applied to the jury finding to the effect that an ordinarily prudent person in the exercise of ordinary care would not be so misled by the name "Downtowner Motor Inn" as to cause him to patronize the defendants' establishment instead of the "Downtown Motel".

Quoted in the Wm. Walker Co. v. Pocatello Monument Company case, supra, is the following:

" ' "The controlling principle in cases wherein it is charged that a name used by one party is in conflict with a name used by another is that, in order to justify relief such as sought in the instant case, the circumstances must be such that it appears that the business of complainant will suffer from a deceptive use of its name, or that, by reason of such deceptive use of complainant's name, the public will be imposed upon." ' "

■ We believe this a correct statement of the law. Furthermore, even in instances where it so appears we believe that

a form of use of the term "Downtown" in the name of a business enterprise, such as that of both the plaintiffs and defendants, is merely descriptive of a part of town in which the business may be found by possible patrons, and as such the term use cannot be exclusively appropriated as against others who can and do use it with equal truth, even if the term "Downtown" in the context of use has acquired a secondary meaning.

In our view the legal question posed is not to be distinguished from a former case in which we held that a term used as part of a store name, to-wit: "factory outlet", being merely descriptive of business carried on, could not be exclusively appropriated as against others who can and do use the same with equal truth even if the words have acquired a secondary meaning. Rogers v. Famous Brands of Texas, Inc., 352 S.W.2d 510 (Fort Worth Tex.Civ.App., 1961, no writ hist.).

In view thereof, the judgment should not be disturbed unless one or more of the events of trial can be said to have amounted to reversible error.

There are three in each of which complaint is made of the court's permitting defendants' evidence, as follows:

(1) Exhibits which were in substance scrap-book clippings showing cities in which "Downtowner Motor Inns" have been built by or through arrangements with defendants.

(2) Testimony of H. B. Tiller, manager of two of Fort Worth's larger motor hotels, concerning 1964–1965 decline in occupancy rate in motels-hotels in the Fort Worth vicinity.

(3) Evidence about the number of motels and rooms built in the Fort Worth vicinity since the defendants' "Downtown Motel" was built.

As applied to (1) we have no doubt that reversible error would not, by reason thereof, exist in view of the provisions of Texas Rules of Civil Procedure 434, "If Judgment Reversed". We do not believe the admission of the evidence probably caused the jury to return a verdict other than that it did return.

As applied to (2) we are of the opinion that the evidence tendered was properly qualified and admitted, with the weight thereof made a matter for consideration by the jury.

 As applied to (3) we find substantially the same evidence was elicited from the plaintiffs' own principal witness. Hence error, if any, was waived.

Affirmed.