**ASSOCIATED SALES, INC., Appellant,**

v.

**Roy F. HUMES, Appellee.**

No. 17024.

Court of Civil Appeals of Texas.

Fort Worth.

May 16, 1969.

Goodstein, Erlanger & Starr, and Barnett M. Goodstein, Dallas, for appellant.

Crouch & Pringle, and Brantley Pringle, Fort Worth, for appellee.

OPINION

MASSEY, Chief Justice.

Defendant Roy F. Humes began business of marketing mobile trailer homes in Fort Worth in 1967. He conducted this business under two assumed names, to-wit: Associated Sales and Associated Mobile Home Sales.

Plaintiff Associated Sales, Inc., brought suit to enjoin the defendant's use of either name in connection with his business as a dealer in mobile homes.

The trial court refused to grant plaintiff's request for a temporary injunction and plaintiff appealed.

Affirmed.

### Re the term "Associated Mobile Home Sales"

Since there is no question but that there was an absence of fraud in the defendant's use of the term or name of Associated Mobile Home Sales, affirmance of the decree of the trial court as applied to the defendant's use thereof in conduct of his business would be required in view of our declarations upon applicable law in Pipe Linings, Inc. v. Inplace Linings, Inc., 349 S.W.2d 279 (Fort Worth, Tex.Civ.App., 1961, writ ref. n. r. e.). The reason would be that the term and name would be merely descriptive of business carried on, hence one which could not be exclusively appropriated by any one person as against others whose use would contain equal truth, even though the words might have acquired a secondary meaning.

### Re the term "Associated Sales"

The probable presence of fraud would be initially indicated by the use of such term or name by anyone other than the plaintiff. Investigation would obviously be invited in the determination of whether the defendant's use thereof was or not fraudulent, i. e. whether by its use the defendant intended through improper action a diversion of business so that a result would be to cause plaintiff's business to suffer to the profit of his own; or if an imposition upon the public would be a consequence.

Should the foregoing be found existent the situation would be similar to that considered in Rogers v. Famous Brands of Texas, Inc., 352 S.W.2d 510 (Fort Worth, Tex.Civ.App., 1961, no writ hist.), where we held that because of such fraud on the part of a defendant, to the injury of a plaintiff, injunctive relief would be proper despite the fact that the defendant's use was of a term which was merely descriptive of business conducted. In Rogers, however, it was pointed out that it would be improper to interfere with use of the words or term there in question so long as it was or would be limited to the primary meaning thereof, and in a manner which would cause no confusion.

Would the use of the term or name "Associated Sales" be a fraudulent use by the defendant as applied to the rights of plaintiff? We hold that it was not. The defendant began use of the name—in the conduct of his business—in 1967 and continued such use without objection on the part of the plaintiff for a period of eighteen months. Such use was with the permission of the plaintiff; indeed at the plaintiff's solicitation. The defendant expended substantial amounts advertising his Fort Worth business operations by such name,—and this expenditure was with the permission of the plaintiff and upon its encouragement and approval.

If the term or name "Associated Sales" had acquired a secondary meaning so that there could have been created any proprietary title and interest therein—in the locality of the defendant's use—it would have been because of the defendant's actions which were known of and approved by the plaintiff. In view thereof the defendant's use could not have been fraudulent to plaintiff. Continuation of defendant's use, after plaintiff demanded that he cease, did not convert his use into one which became fraudulent by reason of the demand. There was no contract of the parties which could thus contractually provide.

The facts reflect an absence of fraud in the defendant's use, and continued use, of the term and name "Associated Sales". The case—as applied thereto—would be ruled by the principles of Pipe Linings, Inc., supra, rather than those mentioned in Rogers v. Famous Brands of Texas, Inc., supra.

Furthermore, and as to both names used by the defendant, we hold: that plaintiff is estopped to claim injunctive relief; that the status quo to be preserved pending trial on the merits of plaintiff's plea would

involve the defendant's continued use of the terms and/or names in question; and that in any event there was no abuse of discretion on the part of the trial court in its denial of a temporary injunction.