**FOAM RUBBER PRODUCTS, INC.,**
Appellant,

v.

**Andrew Benny JIMENEZ et al., d/b/a
Foam Rubber Company, Appellees.**

No. 17091.

Court of Civil Appeals of Texas,
Fort Worth.

Feb. 20, 1970.

Rehearing Denied March 20, 1970.

Wise & Stuhl, and Joseph M. Stuhl, Dallas, for appellant.

Hernandez, Cazorla, Ramirez & Perini, and Frank P. Hernandez, Dallas, for appellees.

## OPINION

MASSEY, Chief Justice.

The appeal is from the trial court's refusal of a temporary injunction sought by plaintiff/appellant, Foam Rubber Products, Inc., against the two defendants, who were former employees. They were the defendants/appellees, Andrew Benny Jimenez and his brother, who began a business in competition, under the name of "Foam Rubber Company".

Affirmed.

█ We are not in doubt that the names under which parties in suit conducted business should be deemed descriptive of the kind of business carried on, or product offered for use or sale, and as such available to either party to be used with equal truth even though the words might have acquired a secondary meaning. In such an instance the name duplication does not sufficiently constitute a ground or circumstance by reason of which a trial court would be obliged to grant a temporary injunction. To refuse a temporary or a permanent injunction under such circumstances could not constitute an erroneous application of the law to undisputed facts, requiring reversal on appeal.

If the plaintiff should be held entitled to an injunction at any stage it would necessarily be upon the premise that the defendants' use of the term "Foam Rubber Company" (as the name of their business) was in such manner that it amounted to a fraudulent use—to plaintiff's harm; i.e., that it was intended thereby that the business of the plaintiff would be caused to suffer to the profit of the defendants or that an imposition upon the public would follow. To settle such a question would require a "full blown" trial, in the determination of whether a permanent injunction should issue. Such was the nature of the trial from which the appeal was taken in Rogers v. Famous Brands of Texas, Inc., 352 S.W.2d 510 (Fort Worth, Tex.Civ. App., 1961, no writ).

The appeal before us is from a hearing upon application for temporary injunction. There are no Findings of Fact or Conclusions of Law in the record, and the adversaries do not agree that the hearing before the trial court may by this court be considered to have been as full and complete as would have been the case had it been one where right to permanent injunction was the issue.

█ The trial court should never grant a temporary injunction where the effect thereof would be to accomplish the object of suit. Where that effect would obtain if temporary injunction were granted, the status quo to be preserved would ordinarily be that which would continue if it was refused; and there is nothing in the instant case to constitute it extraordinary. By refusing the application for temporary injunction the trial court preserved the status quo. In that connection see Texas Foundries v. International Moulders & F. Wkrs., 151 Tex. 239, 248 S.W.2d 460 (1952).

Judgment is affirmed.

BREWSTER, J., not participating.