**Fred HELLYER et al., Appellants,**

**v.**

**WIG IMPORTS, INC. OF THE SOUTH-WEST, Appellee.**

**No. 4374.**

Court of Civil Appeals of Texas, Eastland.

Aug. 7, 1970.

Elsie Brown Silverman, Silverman & Silverman, Amarillo, for appellants.

D. Thomas Johnson, McWhorter, Cobb & Johnson, Lubbock, for appellee.

GRISSOM, Chief Justice.

Wig Imports, Inc. of the Southwest sued Fred Hellyer and J. C. Claxton, a partnership, doing business under the name of "Imported Wigs of Lubbock" seeking to enjoin defendants from using "imported wigs" in their business in Lubbock County.

Plaintiff alleged it was in the wholesale wig business, buying, selling and distributing wigs, hairpieces, toupees and related products in the Lubbock area; that plaintiff's post office address from October, 1966, until March 17, 1969, was Wig Imports, Inc. of the Southwest at 4142–34th Street in Lubbock and that it was so shown in public records, telephone directories, and the like; that, in 1967, plaintiff filed an assumed name certificate in Lubbock County showing that it conducted its business as Wig Imports, Inc. of the Southwest at 4142–34th Street in Lubbock; that from the inception of its business plaintiff was commonly known by beauticians and other hair customers in the Lubbock area, and by defendants, as "Wig Imports"; that "Wig Imports" was a trade name acquired by plaintiff and subject to protection by the court; that defendants in carrying out a scheme to appropriate plaintiff's customers and good will opened a wholesale wig business in the building previously occupied by plaintiff at 4142–34th Street in Lubbock, where they offered for sale the same lines of merchandise previously offered for sale at that place by plaintiff, and used the words "Imported Wigs" in their name; that defendants were saying "Imported Wigs" when they answered the telephone at said place and in otherwise referring to their business; that, after plaintiff learned defendants had leased the building formerly occupied by it, plaintiff warned defendants not to infringe upon plaintiff's proprietary rights to said name; that defendants had previously filed an assumed name certificate in Lubbock County showing their name as "Wig Imports of Lubbock"; that, after said warning defendants changed the name of their business and their assumed name record to "Imported Wigs of Lubbock"; that defendants have intentionally left the impression with the public, beauticians and other hair customers and all with whom they have dealt in the Lubbock area that they are the successors to, or connected with plaintiff, Wig Imports, Inc. of the Southwest; that by so using "Imported Wigs" and "Imported Wigs of Lubbock" at the place where plaintiff formerly conducted the same kind of business and sold the same lines of merchandise for 2½ years, defendants were infringing on plaintiff's right to said trade name; that such acts constituted a deception and a fraud upon the public; that by plaintiff's prior adoption of the name "Wig Imports", by being commonly so known, and by its continuous use thereof since October, 1966, plaintiff had acquired a right to the exclusive use of said name and that it had acquired a secondary meaning in the Lubbock area; that such use by defendants of "Imported Wigs" and "Imported Wigs of Lubbock" in their business was done with the intention of deceiving beauticians and other hair customers in that area and causing them to believe that plaintiff still operated its business at said location, or that defendants were connected with plaintiff and that such actions constituted unfair competition and was in derogation of plaintiff's right to the exclusive use of said name. Plaintiffs prayed that defendant be enjoined from using "Imported Wigs" in their business, from using said words in advertising and from leading customers and prospective customers to believe they are the successors to, or connected with, plaintiff, and from in any manner appropriating the business and good will of plaintiff by the use thereof.

The defendants denied that "Wig Imports" was a trade name owned by plaintiff. They alleged that said words were used as a trade name by others prior to its use by plaintiff and that it was a descriptive term used, in Texas and elsewhere, by others to describe such a business. Defendants admitted they occupied the premises formerly occupied by plaintiff and that they were in the wholesale wig business, but they denied any scheme to appropriate plaintiff's customers or good will by using said name. They denied that plaintiff had acquired the exclusive right to use "Wig Imports" in said area. Defendants admitted they were using the "descriptive phrase"—"imported wigs" and "Imported Wigs of Lubbock" in the conduct of their

business at said location. The defendants also filed a cross action seeking "nominal" and exemplary damages.

In a trial by the court, defendants were temporarily enjoined from using the name "Imported Wigs" in conducting their business in Lubbock County. Defendants have appealed.

Defendants' points are that (1) the court abused its discretion in rendering said judgment "when evidence of false testimony was before the court"; that (2) it abused its discretion in rendering said judgment because "appellee did not come to court with clean hands" and that, (3) as a matter of law, "Imported Wigs" is only a descriptive phrase designative of the product being sold and therefore a user of "Wig Imports" could not prevent such use by others. Appellant urges that the court abused its discretion in granting said temporary injunction because plaintiff had conducted a wholesale business under the name of Wig Imports in violation of a city zoning ordinance restricting use of its premises to retail business. Defendants contend that, as a matter of law, plaintiff did not show that said words had acquired a secondary meaning because plaintiff had not used them for a sufficient length of time and they had been used by others and, further, that "Imported Wigs" was merely a descriptive term applicable to all engaged in said business and such words could not be appropriated exclusively by plaintiff. Defendants argue that even if "Wig Imports" had acquired a secondary meaning in said area, that nevertheless, plaintiff did not have a right to exclude defendants from its use because it was a descriptive term applicable to all engaged in that business. Defendants cite Region et al. v. Downtowner of Fort Worth, Inc., Tex. Civ.App., 420 S.W.2d 809, wherein it was held that "Downtowner" was a form of "Downtown", descriptive of the place where such business was operated and therefore such name could not be exclusively appropriated against others who used it with equal truth.

Plaintiff's wig and hair business was one of the first of its kind in the Lubbock area. It was started in 1965. About November, 1966, it was incorporated as "Wig Imports, Inc. of the Southwest" and opened its business under that name at 4142–34th Street in Lubbock, where it operated said business for two and one half years, and where defendants now operate the same kind of business and sell the same lines. Plaintiff filed an assumed name certificate in Lubbock County in 1967 under the name "Wig Imports, Inc. of the Southwest" showing its address to be 4142–34th Street. There was evidence that plaintiff is commonly known in that area as "Wig Imports"; that when plaintiff occupied the building now occupied by defendants it had a sign similar to the one now used there by defendants and in approximately the same location; that confusion has been caused by said acts of defendants; that plaintiff gets telephone calls and mail intended for defendants and vice versa; that defendants opened their account in the same bank in Lubbock where the plaintiff had long had its account; that plaintiff has received bills and communications from the Lubbock light and water company, said bank and others that were intended for defendants, but addressed to plaintiff; that the use of said name by defendants has caused confusion at said bank and in that area; that people had gone into defendant's place of business looking for representatives of plaintiff; that confusion was caused by defendants advertising under such name in the yellow pages of the telephone company; that defendants answer their phone by saying, "Imported Wigs"; that, although the correct name of the plaintiff is "Wig Imports, Inc. of the Southwest", it is commonly known in the Lubbock area as "Wig Imports" and defendants, by using "Imported Wigs", has interfered with delivery of merchandise intended for plaintiff; that defendants park their truck in front of their place of business, which is the same place formerly occupied by plaintiff, with "Wig Imports, Inc." painted thereon. There was evidence

justifying the conclusion that plaintiff had long sold its merchandise to beauticians, beauty shops, barber shops, and the like, in the Lubbock area and was known by them as "Wig Imports" and that defendants, by using said name, were improperly appropriating plaintiff's customers, business and good will. There was evidence that Mr. Hellyer, before he and Mr. Claxton began operating under said name in Lubbock, operated as plaintiff's sales agent in the Amarillo area under the name of "Wig Imports of Amarillo" and that Hellyer was then totally dependent upon appellee as a source of his merchandise.

We think the evidence is sufficient to sustain findings that plaintiff adopted the trade name "Wig Imports" and acquired a proprietary right therein and that said words acquired a secondary meaning, as referring to plaintiff, in said area.

In Harrelson v. Wright, Tex.Civ.App., 339 S.W.2d 712 (writ ref.), plaintiffs, the Wrights, were engaged in the business of renting linens to commercial businesses in Abilene under the name "Abilene Linen Supply" in accord with their assumed name certificate. Plaintiffs obtained an injunction against Harrelson and others who later engaged in the same business in Abilene under the name "Abilene Linen and Service Company." Said parties engaged in the same business in the same trade area and the Wrights said trade name identified its business with a combination of the words "Abilene" and "Linen". We there held that geographical names and descriptive words may be used in such manner and for such time that they acquire a secondary meaning in an area by becoming associated in the public mind with the business of one person; that it was sufficient for plaintiff to show that deception would naturally and probably result from such use by defendant and that it was a question of fact as to whether defendant's use of a trade name similar to plaintiffs' previously adopted trade name was reasonably calculated to deceive the public. We cited

Suniland Furniture Company v. Sunnyland Wholesale Furniture Company, Tex.Civ. App., 235 S.W.2d 674 (writ ref.), in support of our conclusion that a temporary injunction was authorized. J. C. Penney Company v. Walker, Tex.Civ.App., 395 S. W.2d 76 (writ ref. n.r.e.); Walters v. Building Maintenance Service, Inc., Tex. Civ.App., 291 S.W.2d 377, and 55 Tex.Jur. 2d 678 support our conclusion that this judgment should be affirmed. In the last cited authority it was stated that to assert ones superior right to use of a name it was only necessary to show that said name had acquired a secondary meaning as referring to the plaintiff and that another was fraudulently using it in his business and that to constitute infringement it was not essential that identical names be used but the test was whether the similarity of names was such as to mislead customers.

■ There being no findings of fact or conclusions of law, all findings necessary to support the judgment, which have foundation in the evidence, are implied. We do not think defendants' contention can be sustained on the theory that plaintiff did not come into court with clean hands because it conducted a wholesale business in a district zoned for retail. If true, such conduct does not relate to the matter which is the basis of this suit. 42 Am.Jur.2d 772–774; City of Dallas v. Cluck & Murphy, Tex.Civ.App., 234 S.W. 582 (writ ref.). Said matter did not concern plaintiff's cause of action. Burge v. Dallas Retail Merchants Ass'n, Tex.Civ.App., 257 S.W. 2d 733.

We conclude that the evidence is sufficient to support findings of fact essential to support the judgment, that whether the use of said name by defendants was reasonably calculated to mislead customers was a question of fact and that the court did not abuse its discretion in temporarily enjoining defendants from using said names. All of appellants' contentions have been considered and are overruled. The judgment is affirmed.