The STATE of Texas, Appellant,

v.

CAPITOL CITY OIL CO. et al., Appellees.

No. 12004.

Court of Civil Appeals of Texas, Austin.

April 18, 1973.

condemned. The court by granting the State's motions in limine excluded evidence of injuries to appellees' land occasioned by this ramp closing and further, by special instruction included in the charge on motion by the State, enjoined the jury not to consider any such effects in arriving at the market value of the remainder because such effects are not compensable under the law.

The case was submitted to the jury under the *Carpenter* formula, State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194 (1936, opinion adopted, reh. den. 126 Tex. 604, 89 S.W.2d 979). In response to those issues the jury found as follows: Value of part taken (special issue number 1) $15,900; value of remainder before (special issue number 2) $80,425; value of the remainder after (special issue number 3) $32,548.50. Consequently, the court awarded appellees the sum of $63,743.50 as damages. It is from this judgment that the State has perfected its appeal to this Court.

We affirm.

Appellant is before us on four points of error, briefed together, all complaining of the jury's answer to special issue number 3 by which the jury valued the remainder after the taking at $32,584.50. Appellant maintains that there was either no evidence or insufficient evidence to support the jury's finding. Appellant also complains of the error of the court in refusing to strike certain testimony of appellees' value witness insofar as the testimony concerned the value of the remainder after the taking; and that since the jury's answer to special issue number 3 was tainted by this testimony, it was error for the court to have overruled the State's motion for *judgment non obstante veredicto*. We overrule these points.

It is appellant's position with respect to the testimony objected to, that notwithstanding the motions and instructions grant-

Crawford C. Martin, Atty. Gen., Woodrow Curtis, Asst. Atty. Gen., Austin, for appellant.

Robert W. Norris, Phillips & Norris, Austin, for appellee.

PHILLIPS, Chief Justice.

This is a condemnation case. Appellees owned and operated a gasoline service station on the frontage road of Interstate Highway 35 in Austin. The State began a massive project of highway reconstruction which necessitated the partial taking[1] of appellees' property, and the elimination of certain access ramps to the highway which had theretofore been convenient to appellees' service station. The property, however, was on a frontage road of a limited access freeway both before and after the taking, and the petition in condemnation expressly denied that "access" was being

---

1. This case falls into the "partial taking" category since the State condemned for right of way purposes the fee simple title to 3179.8 sq. ft. from a tract of 14,041.3 sq. ft., leaving a remainder of 10,861.5 sq. ft.

ed by the court, the verdict is nonetheless improper and excessive because appellees' expert value witness testified to a market value of the remainder which was based, in some part at least, on non-compensable injuries, such as decrease in the quantity, type, source and destination of traffic; injuries to the remainder caused by change in traffic flow or rerouting of traffic and circuity of travel. State v. Baker Bros. Nursery, 366 S.W.2d 212 (Tex.1963); City of Beaumont v. Marks, 443 S.W.2d 253 (Tex.1969); Pennysavers Oil Co. of Texas v. State, 334 S.W.2d 546 (Tex.Civ. App.1960, writ refused), Holbrook v. State, 355 S.W.2d 235 (Tex.Civ.App.1962, writ ref. n. r. e.).

Appellees contend that if there was error at all, it was harmless error.[2] Rule 434, Texas Rules of Civil Procedure. This is so, appellees assert, because, all of appellant's points are directed to special issue number 3 (the value of the remainder after the taking) and appellant's own value witness testified to relatively the same amount as that found by appellees' witness in this regard. Appellees' argument is highly persuasive. However, by liberally construing the briefing rules in order to ascertain the real basis of this appeal, and further, by liberally construing the rule that a point is sufficient when a court is able to determine matters complained of with some degree of certainty in considering points in connection with statements and arguments thereunder, we will also discuss the jury's finding in special issue number 2. In special issue number 2 the jury found the value of the land before taking to be $80,425. It could be on this finding alone that there is conflict between the parties. The State's value witness placed this value at $48,650.

The proposed right of way severed a portion of the station's building and completely encompassed the pump island facility.

All appraisal witnesses for both appellant and appellees agreed that as a result of the taking, the existing building and other improvements had no value. There is also evidence by witnesses for both parties that the remaining land is no longer suitable for filling station purposes.

Mr. George Reed, appellees' principal witness, testified that the value of the entire tract prior to the taking was $96,558 and that the portion of the land condemned, 3,179.8 square feet, and the improvements located thereon considered as severed land as of the date of taking had a market value of $16,130. He appraised the remaining 10,861.5 square feet at $80,284 prior to the taking relying primarily on market data approach for appraising the land value and the cost approach for the value of the improvements thereon. In addition, Mr. Reed carefully explained the cost method of appraising to the jury. He testified that after the taking, the remainder could not be used as a service station. The portion of the property on which the pumps were located was taken by the State and the remaining tract was so shallow that it would be impossible to use it physically or economically as a service station. Thus, although the property could still be used economically, none of the existing improvements on it could be used. He therefore considered the value of the remainder after taking as only the land value which was $32,584, or $3 per square foot.

The State's appraisal witness based his appraisal primarily on the income approach. He determined the market value of the part taken, both land and improvements, at $11,850. He valued the remainder before the taking at $48,650, and the remainder after the taking at $3 per square foot. He, too, felt that there was no value left in the improvements after the taking.

2. Olan Mills, Inc. v. Prince, 336 S.W.2d 186, 188 (Tex.Civ.App. no writ); City of Houston v. McFadden, 420 S.W.2d 811, 816, (Tex.Civ.App.1967, writ ref. n. r. e.);

Region v. Downtowner of Ft. Worth, Inc., 420 S.W.2d 809 (Tex.Civ.App.1967, writ ref. n. r. e.).

The statement of facts in the case is 874 pages in length. A large portion of this record contains repeated attempts on the part of the State, both on cross examination before the jury and on voir dire, to get Mr. Reed to agree that in arriving at his appraisal he had used the noncompensable elements, stated above, such as removal of access to IH 35. This is the crux of the State's appeal. It contends that it succeeded in this mission and asks us to reverse and remand the case. It is our opinion that the State failed to show reversible error. Mr. Reed stated that there were several reasons for evaluating the property at a lower rate after the taking. One was the fact that the economic environment had changed in that the highest and best use of the property had been changed by the project from a commercial retail business location to a commercial non-retail business facility. In addition, he considered the reduced size of the property which made it physically impossible to operate the filling station. Other elements were the change in the neighborhood and the change in the economic environment. Further, the lengthy questioning by the State was met unequivocally by Mr. Reed's answer that: "Those are the elements that I considered and only those." Mr. Reed stated time and again that these factors were the only points in comparison in valuing the property before and after the taking.

Thus, despite repeated attempts by counsel for the State to inject these noncompensable injustices into the case, this Court finds no evidence that Reed in fact considered them. Appellant seems to be saying, where a land owner sustains both compensable and noncompensable injuries due to the exercise of eminent domain by the State, that there exists a presumption that the land owner's value expert considered the noncompensable injuries as well as the compensable ones in arriving at his estimation of value. We do not agree. Particularly we do not agree where, as in this case, the trial court granted all of the

State's motions to suppress evidence of such injuries and further instructed the jury not to consider such injuries in arriving at market value. We hold that the trial court could do no more. City of Beaumont v. Marks, 443 S.W.2d 253 (Tex. 1969) ; State v. Frost, 456 S.W.2d 245 (Tex.Civ.App.1970, writ ref. n. r. e.).

The judgment of the trial court is affirmed.

Affirmed.

